IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL R. ROBERTS                                                                              PLAINTIFF

     v.                                    CIVIL NO.: 08-3019

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Roberts, appealed the Commissioner's denial of benefits to this court. On August 10, 2009, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $1705.78 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 5.50 attorney hours at an hourly rate of $155.00, 10.75 paralegal hours at an hourly rate of $75.00, and $47.03 in postage and copy fees. (Doc. # 11-12 ). The defendant has filed a response objecting to one hour of attorney time and 2.25 hours of paralegal time. (Doc. #12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also, Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

2

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $152.00.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains

AO72A
(Rev. 8/82)

at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $155.00 per hour.

Plaintiff's counsel has also requested compensation for paralegal hours worked at the rate of $75.00 per hour. He has provided the court with affidavits of several social security practitioners who all agree that $75.00 is a reasonable hourly rate for paralegal fees. Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for .50 paralegal hour for receiving and reviewing the file-marked copy of the complaint and 1.00 paralegal hour for preparing letters to all of the parties perfecting service. We find that these tasks could have been performed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, 1.50 paralegal hours should be deducted from the total number of compensable hours.

Counsel also requests .25 paralegal hours for receiving and reviewing the Order granting IFP status; .50 paralegal hours for reviewing the answer; .25 hours for receiving and reviewing

4

the scheduling order; .25 paralegal hours for receiving and reviewing the judgment; and, 3.00 paralegal hours for preparing his EAJA motion and supporting documents. This court concludes that it should not have taken this amount of time to perform this task. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). The court grants counsel .05 paralegal hours for reviewing each of the one page orders and judgment. Further, we find that .25 hours for reviewing the answer and 1.50 hours for preparing the EAJA motion is sufficient time to complete these tasks. Accordingly, we recommend deducting 2.35 paralegal hours from the total number of compensable hours.

Plaintiff's counsel also seeks reimbursement for time spent at the administrative level following the entry of Judgment by this Court. He seeks a total of 2.00 paralegal hours for work performed between August 10, 2009, and November 4, 2009, in connection with this Court's remand order. However, because this is for work performed at the administration level, it is not compensable. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984)(time spent at the administrative level is not compensable under the EAJA). Accordingly, 2.00 paralegal hours should be deducted from the total compensable time sought by counsel.

Counsel also seeks .50 paralegal hours for refiling the plaintiff's appeal brief. Notations on his time sheet indicate that the original brief was incorrectly filed. As this was attorney error, we do not believe counsel is entitled to receive compensation for this time. Accordingly, we recommend deducting .50 paralegal hours.

Finally, counsel seeks reimbursement for $47.03 in expenses incurred with regard to postage and photocopies. Such expenses are recoverable under the EAJA and we find $47.03 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

5

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 5.50 attorney hours at the rate of $155.00 per hour plus 4.40 (10.75-6.35) paralegal hours at the rate of $75.00 per hour and 47.03 in postage and copy fees for a total attorney's fee award of $1229.53.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.  Further, this award should be paid directly to plaintiff's counsel.  *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 30th day of November 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)